Excel WARREN *v.* STATE of Arkansas

CR 97-166                                            950 S.W.2d 462

Supreme Court of Arkansas
Opinion delivered September 25, 1997

*Zimmery Crutcher*, for appellant.

No response.

PER CURIAM. On May 5, 1997, we issued an order to counsel, Zimmery Crutcher, to show cause why he should not be held in contempt for failing to perfect the appeal in this case. Mr. Crutcher denied responsibility, so a master was appointed to hold a hearing and to report his findings of fact. That hearing has been conducted and the master's report was filed on July 3, 1997. Mr. Crutcher filed his objections to the master's report on July 17, 1997.

From the master's report, Mr. Crutcher's objections, and the record tendered herein, we conclude the appellant was convicted on July 3, 1996, and appellant appealed from that conviction on July 18, 1996, even though the conviction judgment had not, as yet, been filed. The delay in filing the judgment was likely caused because a probation hearing for appellant was scheduled for September 16, 1996, but on the September 16 date, Mr. Crutcher informed the trial court he had appealed appellant's case. Appellant's conviction judgment was actually dated December 12, 1996, and not filed until December 18, 1996. Mr. Crutcher failed to file

his notice of appeal after the December 18 date, and when he tendered the transcript on January 13, 1997, and again on January 22, 1997, the transcript reflected no timely notice of appeal having been filed from the judgment entered on December 18, 1996.[1] For this reason, Mr. Crutcher's February 13, 1997 motion for rule on the clerk was denied.

■ ■ It was Mr. Crutcher's responsibility to file a timely appeal on appellant's behalf, and we find Mr. Crutcher has failed to do so. We now direct the clerk to accept the transcript herein and to establish a briefing schedule. Because Mr. Crutcher has failed his responsibility in this cause, a copy of this per curiam will be forwarded to the Professional Conduct Committee. Since Mr. Crutcher's conduct does not show repeated failures or refusals to file a record or briefs in this appeal, we hold his conduct warrants no finding of contempt.

---

[1] The transcript tendered on January 10, 1997 was supplemented on January 22, 1997, with the December 12, 1996 judgment containing the December 18, 1996 file mark. This conviction judgment was introduced at Mr. Crutcher's hearing and made a part of the master's report.